IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **BYRON EARL WALKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:17-cv-00168-O-BP** |
| | § | |
| **THE STATE OF TEXAS, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants the State of Texas, the 90th Judicial District Court, Judge Stephen E. Bristow, and Special District Judge Jerry Ray's Motion to Dismiss Plaintiff's First Amended Petition (ECF No. 24), filed January 22, 2018; Plaintiff Byron Earl Walker's Response To Attorney General's Motion To Dismiss Filed 1/22/18 (ECF No. 29), filed January 31, 2018; Defendant Kerwin Stephens's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) (ECF No. 27) with Brief (ECF No. 28) and Appendix in Support (ECF No. 27-1), filed January 25, 2018; and Plaintiff Byron Earl Walker's Reply to Kerwin Stephens Motion to Dismiss (ECF No. 30), filed January 31, 2018. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on December 18, 2017. ECF No. 2.

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants the State of Texas, the 90th Judicial District Court Judge Stephen E. Bristow, and Special District Judge Jerry Ray's Motion to Dismiss (ECF No. 24), and **DISMISS** this action **with prejudice** as to these Defendants. For the reasons stated below, these Defendants' request for sanctions is **DENIED**.

The undersigned further **RECOMMENDS** that Judge O'Connor **GRANT** Defendant Stephens's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) (ECF No. 27) and **DISMISS** this action **without prejudice** as to him. If Plaintiff files an amended complaint within the fourteen days allotted for objections to this recommendation, however, Defendant Stephens's Motion to Dismiss should be **DENIED** as moot, and the action should be allowed to proceed against Stephens on the amended complaint. Plaintiff is permitted to file an amended complaint on or before **March 21, 2018.**

## BACKGROUND

Plaintiff Byron Earl Walker ("Walker"), *pro se*, sued Defendants the State of Texas; the 90th Judicial District Court; Young County, Texas; Judge Stephen Bristow ("Judge Bristow"); Judge Jerry Ray ("Judge Ray"); and Kerwin Stephens ("Stephens") for violations of the United States Constitution and the Texas Constitution. ECF No. 7. On January 16, 2018, Walker voluntarily dismissed Young County, Texas, from the case. ECF No. 22.

The following alleged facts are taken from Walker's complaint. This case originates in a contentious divorce proceeding between Walker and his former spouse, Sherri, in the 90th Judicial District Court of Young and Stephens County, Texas ("the divorce case"). ECF No. 7 at 3. For the first ten months of the divorce case, Judge Stephen Crawford was the presiding judge. *Id.* at 3. Walker alleges that Stephens, Sherri's attorney, hired an attorney named Michelle Delotto to blackmail or coerce Judge Crawford to resign because of an alleged affair. *Id.* at 3–4. Walker alleges that this scheme allowed Stephens to control the court because Stephens somehow selected Judge Crawford's replacement, Judge Bristow, and caused Judge Bristow to be seated on the bench. *Id.* at 4. Walker seems to allege that Judge Bristow made rulings or took actions in Stephens's favor and against Walker in the divorce case, because Judge Bristow owed Stephens

for obtaining his position as judge. *Id.*

Walker alleges a number of problems that arose throughout the divorce case. His lawyer did not show up at the hearing to enter the divorce judgment, leaving Walker without representation. *Id.* At that hearing, Judge Bristow ignored an affidavit presented by Walker's son saying that Walker's ex-wife lied about the marital estate owning cattle at the time of the divorce case. *Id.* at 5. Judge Bristow refused to recuse himself, even though Judge Monte Lewis, who heard a motion to recuse filed by Walker and Walker's father, allegedly told Walker "that we had done a super job and that we wouldn't have to worry about Judge Bristow any more." *Id.* at 5. Walker asserts that his ex-wife refused to sign the marital farm over to her children after the divorce. *Id.* at 6.

Walker retained a lawyer to sue his divorce attorney for negligence in 2015 because of numerous mistakes during Walker's divorce case. *Id.* Judge Ray heard the negligence case and granted summary judgment to Walker's former attorney, which Walker alleges was a violation of his constitutional right to a trial by jury. *Id.* at 7.

In March 2015, Walker allegedly sent text messages that said either that the land would be sold after we were all dead or gone or that "we would all be dead and gone because of the stupidity of [his ex-wife's] lawyer[, Stephens]." *Id.* at 6. Walker was arrested on retaliation and obstruction charges on December 16, 2015. *Id.* at 7. Walker connects his arrest to a letter that he wrote to every attorney in Young and Stephens Counties asking them to force Judge Bristow to authorize the release of an alleged FBI report of an investigation into Bristow and Stephen's actions. *Id.* Walker was held on a $250,000 bond, first in Tarrant County and then by transfer in Graham, Texas. *Id.* His father arranged to have him bonded out. *Id.* Walker alleges that he did not have counsel appointed, and he informed the Young County Bond Supervisor at least three times of this issue.

*Id.*

Judge Ray was also the presiding judge in Walker's criminal case. *Id.* at 8. Walker attempted to hire an attorney, who was a friend of his appellate lawyer, to present his side at the Grand Jury proceeding in his criminal case. *Id.* at 7. However, Walker could not afford that attorney, and he requested appointed counsel. *Id.* The court denied Walker appointed counsel. *Id.* Walker did not have counsel either before the Grand Jury or at his January 2017 preliminary hearing. *Id.* at 8. In late January, the court appointed an attorney for Walker. *Id.*

Walker alleges that his appointed attorney refused to investigate the corrupt conduct of Judge Ray and Judge Bristow. *Id.* His appointed attorney would not return calls from Walker's sons or PTSD counselors. *Id.* Walker was given four years deferred adjudication for obstruction and retaliation, as well as sixty days to be served on weekends and a fine of $1,000. *Id.* Walker refused to pay $1,000 to the court, as he believed it was corrupt, and instead wrote a $2,000 check to a veterans' counseling center. *Id.*

Walker additionally alleges that, in June 2017, Judge Ray and Stephens threatened Walker with jail time if he did not lift the lis pendens on land that Walker had promised to his sons. *Id.* Walker was told by his court-appointed attorney that "it would be bad for my criminal case if I didn't agree to sell the land." *Id.* Walker alleges that he was released, after forty-four days of confinement, from the remainder of his jail sentence because he told his court-appointed attorney that he was considering filing a federal lawsuit. *Id.* Instead of additional confinement, he was allowed to volunteer at Brooke Army Medical Center. *Id.*

Walker originally filed his Complaint on December 18, 2017. ECF No. 1. He filed an Amended Complaint on January 5, 2018, within the twenty-one days for amending as a matter of course under Federal Rule of Civil Procedure 15(a)(1). ECF No. 7. Walker asks for $250,000 from

each party named in his suit. *Id.* at 9. He also asks that the rulings of the judges and the 90th District Court at issue in the instant case be reversed and remanded. *Id.* Walker additionally requests that the Court rule unconstitutional the State of Texas's differentiation between extrinsic and intrinsic fraud in litigation. *Id.* at 9–10. He requests that the Court order that any damages awarded be divided between Walker and his three children. *Id.* at 10.

The State of Texas, the 90th Judicial District Court, Judge Bristow, and Judge Ray (collectively, "the State Defendants") filed a Motion to Dismiss Walker's Complaint on January 22, 2018. ECF No. 24. The State Defendants argue that Walker's Complaint should be dismissed on the grounds of judicial immunity, Eleventh Amendment immunity, qualified immunity, lack of standing, bar by Texas Civil Practice and Remedies Code 101.106(f), statute of limitations, lack of particularized facts stated against each defendant, and violation of Federal Rule of Civil Procedure 11(b)(2). *Id.* They request that the Court sanction Walker and order him to pay their attorney's fees in the amount of $2000. *Id.* at 40. Walker filed a Response to the State Defendants' Motion to Dismiss on January 31, 2018. ECF No. 29. The State Defendants did not file a reply to Walker's response.

Stephens filed a Motion to Dismiss on January 25, 2018. ECF No. 27. He argues that Walker's Complaint should be dismissed on the grounds of res judicata, statute of limitations, release, and qualified immunity. *Id.* Stephens attached to his Motion to Dismiss, *inter alia,* certified state court records from the divorce case and Walker's order of deferred adjudication from his 2017 conviction in his criminal case. ECF No. 27-1. Walker filed a Response to Stephens's Motion to Dismiss on January 31, 2018. ECF No. 30. Stephens did not file a reply to Walker's response.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal

5

of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co.*, 313 F.3d at 329; *Hines v.*

*Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## ANALYSIS

Walker does not clearly or separately state his claims, but, using the liberal pleading standard applied to *pro se* complaints, the undersigned has identified a number of potential federal claims in his complaint. Walker asserts claims under 18 U.S.C. § 241 and 42 U.S.C. § 1983 for violations of the United States Constitution. Specifically, he asserts constitutional claims for corruption in the divorce case against Stephens, Judge Bristow, and the 90th Judicial District Court; a violation of his right to a trial by jury in his 2015 negligence case against Judge Ray; and

a violation of his right to representation by counsel at a criminal proceeding against Judge Ray in the criminal case. Walker additionally challenges the constitutionality of the State of Texas's differentiation between extrinsic and intrinsic fraud. He also states that his claims involve violations of the Texas Constitution (ECF No. 7 at 2), but his complaint mentions no specific provisions of the Texas Constitution, and the undersigned is unable to identify any factual allegations asserting such violations in his pleadings.

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." Walker's complaint, broadly construed, asserts claims under § 1983 for deprivations of his Fifth and Fourteenth Amendment rights to due process against Judge Bristow and Stephens in the divorce case, his Seventh Amendment right to a trial by jury against Judge Ray in his negligence case, and his Sixth Amendment right to counsel against Judge Ray in his criminal case.

Stephens is a private person, and generally such persons are not liable under § 1983 due to lack of state action. *See Weingarten Realty Inv'rs v. Albertson's, Inc.*, 66 F. Supp. 2d 825, 852 (S.D. Tex. 1999), *aff'd*, 234 F.3d 28 (5th Cir. 2000). But if a private defendant acts jointly with public officials to violate the plaintiff's rights, then that person can be liable under § 1983 for acting under color of state law. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Brummett v. Camble*, 946 F.2d 1178, 1185 (5th Cir. 1991). Because Walker alleges that Stephens bribed Judge Bristow to obtain favorable rulings in the divorce case, Walker has stated an exception to the general rule.

I.    **Walker's claims of violations under 18 U.S.C. § 241 and 42 U.S.C. § 1983 should be dismissed.**

    A.    **Title 18 U.S.C. § 241 is a criminal statute, and Walker cannot enforce it through a civil action.**

Title 18 of the United States Code is entitled "Crimes and Criminal Procedure." Section 241 of that title, which makes it a criminal act to conspire against rights secured by federal law, is a criminal statute. Walker is a private citizen of the United States and cannot enforce criminal statutes in a civil action. *Mass v. McDonald's Corp.*, No. 3:04-CV-0483-M, 2004 WL 2624255, at *5 (N.D. Tex. Nov. 12, 2004). The power to initiate a federal criminal prosecution is vested exclusively in the executive branch. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Walker's claim for violations of 18 U.S.C. § 241 cannot proceed and should be dismissed.

    B.    **To the extent that Walker requests reversal and remand of his state court proceedings, the *Rooker-Feldman* doctrine bars his claims.**

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). "The casting of a complaint in the form of a civil rights action cannot circumvent this rule." *Liedtke*, 18 F.3d at 317; *see also Shqeir v. Martin*, No. 3:97-CV-1887P, 1997 WL 587482, at *3 (N.D. Tex. Sept. 15, 1997) ("[A] long line of Fifth Circuit precedent holds that a plaintiff may not seek reversal of a state court decision by casting a complaint in the form of a civil rights action."). Plaintiff's recourse in such cases is "with the state appellate courts and thereafter the United States Supreme

Court on application for a writ of certiorari, not by a complaint to the federal district court." *Liedtke*, 18 F.3d at 318.

Walker explicitly requests in his Prayer that "the rulings based upon fraud" be reversed and remanded. ECF No. 7 at 9. Though he does not specify what those rulings are, Walker attacks three different state-court judgments in his Complaint: the judgment in the divorce case, the summary judgment in his negligence case, and his criminal conviction. *Id.*, *passim.* The *Rooker-Feldman* doctrine bars him from obtaining reversal or remand of these state-court judgments in a suit for federal constitutional violations. Such remedies lie with the state appellate courts. Therefore, Walker's complaint seeking reversal and remand of those state court judgments should be dismissed.

### C.    Judge Bristow, Judge Ray, and the 90th Judicial District Court have absolute judicial immunity from all claims that Walker asserted against them in this case.

Judges have absolute immunity from civil actions for any judicial act over which they have jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id.* Immunity only does not apply regarding (1) nonjudicial actions, that is, "actions not taken in the judge's official capacity"; or (2) judicial actions "taken in the complete absence of all jurisdiction." *Id.* Courts are to construe jurisdiction broadly for purposes of judicial immunity. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) (citing *Stump*, 435 U.S. at 356–57).

Walker argues that, while he is aware of the longstanding history of absolute judicial immunity, "conspiracy to deprive an American citizen [sic] his Constitutionally guaranteed rights"

is not within actions taken in a judge's official capacity. ECF No. 7 at 2. All of the alleged actions of which Walker complains, however, are actions by Judges Bristow and Ray in their official capacities. Walker alleges that Judge Bristow ignored an affidavit at a hearing, refused to recuse himself, and made rulings against him because of his corrupt deal with Stephens. ECF No. 7 at 3–5. But, as the Supreme Court has consistently held, even allegations of malice or corruption do not abrogate judicial immunity. *E.g. Mireles*, 502 U.S. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967)); *Dennis*, 449 U.S. at 26 (affirming where the Fifth Circuit and the "District Court concluded that because the injunction was a judicial act within the jurisdiction of the state court, the judge was immune from liability in a § 1983 suit, whether or not the injunction had issued as the result of a corrupt conspiracy"). Walker cites a Texas Supreme Court case in which that court removed a state judge for corruption (arising from the same facts considered in *Dennis v. Sparks*), in support of his position that this Court has jurisdiction over state judges who violate due process and fair trial rights. ECF No. 29 at 4–5 (citing *Matter of Carrillo*, 542 S.W.2d 105 (Tex. 1976)). Even if that case stood for that proposition, which it does not, federal courts are not bound by state-court precedent. Judge Bristow took all of the allegedly improper actions in his official capacity as the presiding judge in the divorce case, and consequently they are actions for which Judge Bristow has immunity.

Likewise, Walker complains that Judge Ray granted summary judgment against him in his negligence case against his former divorce attorney, and that the judge refused to appoint counsel for Walker in his criminal case because Walker was not indigent. *Id.* at 7–8. These actions, too, are clearly judicial actions that fall under the protection of absolute judicial immunity. Walker's final allegation is that Judge Ray threatened him with jail time for Walker's refusal to sell land at issue in the divorce case. This allegation is not stated with sufficient facts or explanation to state a

claim that abrogates judicial immunity, but it is within a state court judge's authority to imprison a person for a number of different reasons, including criminal conduct or contempt of court. Tex. Pen. Code § 12.01; Tex. Gov't Code § 21.002; *Ex parte Barnett*, 600 S.W.2d 252, 256 (Tex. 1980). Judges Bristow and Ray have absolute judicial immunity for all of the actions of which Walker complains.

Walker also sued the 90th Judicial District Court, though he does not make any specific allegations against that court. Insofar as Walker sues the 90th Judicial District Court because of the actions of one of its judges, the court is immune from suit for the same reasons that the judge is immune.

### D. The Eleventh Amendment bars claims against the State of Texas and the 90th Judicial District Court, as well as Judge Bristow and Judge Ray, to the extent they are sued in their official capacities.

Under the Eleventh Amendment to the United States Constitution, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). This immunity extends to state agencies and, if the relief sought would operate against the state, to state officials. *Id.* at 101. There is an exception to sovereign immunity for suits challenging the constitutionality of a state official's action in enforcing state law. *Ex parte Young*, 209 U.S. 123 (1908). *Ex parte Young* allows only "prospective injunctive relief to prevent a continuing violation of federal law" and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985).

Walker's complaint does not request any form of prospective injunctive relief against any of the defendants in this suit, and thus the *Ex parte Young* exception does not apply. The State of Texas is entitled to sovereign immunity under the Eleventh Amendment as it is a state, the 90th

Judicial District Court is immune as it is a state agency, and Judge Bristow and Judge Ray are likewise immune to the extent that they are sued in their official capacities. Walker's claims against the State Defendants should be dismissed under the Eleventh Amendment.

> **E.    Judge Bristow, Judge Ray, the 90th Judicial District Court, and the State of Texas are not entitled to dismissal under Texas Practices and Remedies Code § 101.106(f), as Walker has not brought a claim under state law.**

The State Defendants also assert immunity from common-law tort claims under Texas Practices and Remedies Code § 101.106(f). Walker brought his claims on federal-question grounds under 18 U.S.C. § 241 and 42 U.S.C. § 1983, not on common-law tort or other state-law grounds. His complaint need not be dismissed under this inapplicable state statute.

> **F.    Walker's claims against the State Defendants should not be dismissed under the statute of limitations, because the State Defendants have not submitted argument that the entirety of any one claim is barred by the statute of limitations.**

There is no specific statute of limitations for § 1983 claims, and as a result the Supreme Court has instructed courts to look to the most analogous state statute of limitations. *Owens v. Okure*, 488 U.S. 235, 239–40 (1989). In Texas, this is the two-year personal-injury limitations period. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *see also* Tex. Civ. Prac. & Rem. Code § 16.003. The limitations period begins to run when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

Walker filed his original Complaint on December 21, 2017, and his Amended Complaint, which added Stephens as a defendant, on January 5, 2018. ECF Nos. 1 and 7. Therefore some act or omission of the State Defendants must have occurred after December 21, 2015, for Walker's § 1983 claim not to be barred by limitations.

The actions for which Walker gave specific dates in his Amended Complaint are as

follows: Walker filed a motion to recuse Judge Bristow in November 2013 (ECF No. 7 at 5); Walker sent texts and emails to Judge Bristow and Stephens in March 2015 (*id.* at 6); Walker presented a motion to the court to expose the unethical actions of the 90th Judicial District Court judges (*id.*); he sued his divorce attorney for negligence in 2015 (*id.*); Walker wrote a letter to every attorney in Young and Stephens Counties in December 2015 (*id.* at 7); he was arrested on December 16, 2015 (*id.*); a criminal defense attorney inquired about presenting Walker's side of his case to the Grand Jury in January 2016 (*id.*); he requested appointment of an attorney for his criminal case during October and November 2016 (*id.* at 7–8); and Judge Ray and Stephens threatened Walker with jail time if he did not lift the notice of lis pendens on some land in June 2017 (*id.* at 8).

The State Defendants mention some of these events in their Motion to Dismiss and argue that all events dated prior to December 21, 2015, are barred by limitations. ECF No. 24 at 19–20. But the statute of limitations does not bar events; it bars a person from bringing suit more than two years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a). Events that occurred prior to the date of accrual can still be relevant to the case if the suit is not barred. The State Defendants are required to show that one of Walker's causes of action against them accrued more than two years before he sued them, which they have not done. Walker's complaint need not be dismissed on this ground.

> **G.** **Walker's claims against Stephens should be dismissed because it is barred by the statute of limitations, but not on the grounds of res judicata, release, or qualified immunity.**

Stephens argues that Walker's claims against him should be dismissed on the grounds of res judicata and release, statute of limitations, and qualified immunity. The undersigned recommends dismissal on the ground of limitations only.

### i.  Walker's complaint against Stephens should not be dismissed on the grounds of res judicata or release, because he asserts duress.

Title 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982). "In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment." *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). Under Texas law, which applies in this case, claim preclusion (also called res judicata) "bars assertion of a claim in a subsequent case when: (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action." *Id.* (citing *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008)).

"Under Texas law, '[a] release, valid on its face, is a complete bar to any later action based upon matters covered in the release unless the release is set aside.'" *Martinez v. Pilgrim's Pride Corp.*, No. 3:16-CV-3043-D, 2017 WL 6372385, at *5 (N.D. Tex. Dec. 13, 2017) (quoting *DT Apartment Grp., LP v. CWCapital, LLC*, No. 3:12-CV-0437-D, 2012 WL 6693192, at *21 (N.D. Tex. Dec. 26, 2012). Release is an affirmative defense on which a defendant will have the burden of proof at trial. *DT Apartment Grp., LP*, No. 3:12-CV-0437-D, 2012 WL 6693192, at *21.

Stephens argues that Walker's claims are barred by res judicata and release because the Agreed Final Judgment in the divorce case contained the following provisions:

> Each of the parties are ORDERED to refrain from and ENJOINED from proceeding with or from filing any grievance, complaint, or proceeding against any lawyer who has represented any party in this case including Kerwin Stephens and Paul W. Lewallen, any Court official including any District Judge that has heard any matters in this proceeding as well as in Cause No. 33073 and Cause No. 32591 and the

family or relatives of either party as to any matters occurring prior to the entry of this Judgment. Each of the parties hereto have and do stipulate that there has been no judicial misconduct or professional misconduct by any Judge presiding over or lawyer representing any party in this proceeding or in Cause Nos. 33073 and 32591, and that there exists no basis or reason for any grievance or professional conduct complaint whether with the State Bar of Texas or the Judicial Conduct Commissioner or any other authority whether named herein or not. If any such complaint is hereafter made or is still pending, then the party who made such a complaint shall request its dismissal.

ECF No. 27 at 3. The Agreed Final Judgment, entered on May 24, 2017, was the result of a Mediated Settlement Agreement to which both parties agreed, and both Walker and his attorney signed the Agreed Final Judgment. *Id.* at 3. Stephens argues that the instant claims are barred by the Agreed Final Judgment's provision that Walker is enjoined from filing any grievance, complaint, or proceeding against Stephens. While Stephens does not request that the Court take judicial notice of the Agreed Final Judgment, the Court hereby does so. *See United States ex rel. Willard v. Humana Health Plan of Tex., Inc*., 336 F.3d 375, 379 (5th Cir. 2003) ("In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."). Stephens has shown that Walker's claims are barred by res judicata and release if the Agreed Final Judgment is enforceable.

Walker responds that the Agreed Final Judgment was procured under duress by threat of criminal prosecution. ECF No. 30 at 2–3. He asserts that the judge and Stephens threatened him with forty years in prison unless he agreed to the settlement. *Id.* at 3. Though the Texas Supreme Court has not yet decided the issue, a number of state appellate courts have concluded that a settlement agreement can be voided if it is procured by fraud, duress, coercion, or other dishonest means. *Bass v. Bass*, No. 05-16-00344-CV, 2017 WL 2443128, at *2 (Tex. App.—Dallas June 5, 2017, no pet.). The threat of criminal prosecution may constitute duress whether or not the threatened party is actually guilty of a crime. *F.D.I.C. v. White*, 76 F. Supp. 2d 736, 739 (N.D.

16

Tex. 1999) (citing *Sims v. Jones*, 611 S.W.2d 461, 462 (Tex. Civ. App.—Dallas 1980, no writ); *Pierce v. Estate of Haverlah*, 428 S.W.2d 422, 425 (Tex. Civ. App.—Tyler 1968, writ ref'd n.r.e)). While at trial Walker will have the burden of establishing duress, at the motion to dismiss stage he is not required to provide proof. By claiming that the Agreed Final Judgment is voidable for duress, Walker has shown that he has stated a potential claim under § 1983 that is not subject to dismissal for res judicata or release.

> ### ii. Walker's claim against Stephens should be dismissed under the statute of limitations, because Walker has not alleged any deprivations of rights by Stephens within the limitations period.

Because Walker filed his original Complaint on December 21, 2017 (ECF No. 1), and his Amended Complaint, which added Stephens as a defendant, on January 5, 2018 (ECF No. 7), some act or omission of Stephens giving rise to liability under § 1983 had to have occurred after January 5, 2016, for there to be liability on the part of Stephens.

Stephens argues that Walker's claim accrued on April 9, 2013, with the signing of the divorce decree by Judge Bristow. ECF No. 28. Walker responds to this argument that Judge Bristow acted under Stephens's direction in the divorce case, and that Stephens presented fraudulent or perjurious testimony before the court of appeals during the summer of 2016 and during a mediation in 2017. ECF No. 30 at 3–5. Walker argues that the sale of land in 2017 resulted from Stephens's alleged fraud committed in 2013, and thus his claim is not outside of the limitations period. *Id.* at 5.

Walker's § 1983 claim against Stephens, in its essence, is that Walker was not given due process in the divorce case because Stephens bribed Judge Bristow by getting the judge his position through corrupt means. ECF No. 7 at 3–4. The divorce case ended in 2013, and so did any deprivations of Walker's due process or fair trial rights under § 1983. Stephens as a private person

can only be liable under § 1983 if he acted jointly with public officials to violate Walker's rights under color of state law. *Dennis*, 449 U.S. at 27. Walker has alleged no facts concerning events after 2013 that show any deprivations of his rights from Stephens' alleged bribery of Judge Bristow. Walker's claims against Stephens must be dismissed as he has only stated facts concerning violations of § 1983 that occurred before January 5, 2016, and his claims are therefore outside of the two-year statute of limitations.

### iii. Stephens cannot claim qualified immunity for alleged acts of bribery and corruption.

"As a general rule, a party may not sue opposing counsel under any theory of recovery for 'acts or omissions undertaken as part of the discharge of their duties as attorneys to opposing parties in the same lawsuit.'" *Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*, 993 F. Supp. 461, 464 (N.D. Tex. 1998) (quoting *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex.1996)); *see also Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("An attorney is thus charged with the duty of zealously representing his clients within the bounds of the law. In fulfilling this duty, an attorney 'ha[s] the right to interpose any defense or supposed defense and make use of any right in behalf of such client or clients as [the attorney] deem[s] proper and necessary, without making himself subject to liability in damages . . . .'" (citations omitted, bracketed material in original)). An attorney may assert his client's rights without fear of personal liability to the opposing party. *Miller*, 993 F. Supp. at 464. An attorney's immunity is qualified, however, and an attorney may be held liable for assaulting the opposing party or lawyer, or for committing fraud or conspiring with his client to commit fraud. *Id.* at 464–65.

Stephens asserts that the qualified immunity doctrine immunizes him from Walker's claims. ECF No. 28 at 6–7. Certainly, Stephens is immune for many of the actions of which Walker complains, including putting on testimony adverse to Walker or any specific legal advice or

counsel that Stephens gave to his own client. But Walker's central claim against Stephens is that Stephens bribed Judge Bristow in order to obtain favorable rulings in the divorce case, thus depriving Walker of rights guaranteed under the United States Constitution. For purposes of a motion to dismiss, the Court must assume that the allegations stated in Walker's complaint are true. *Yumilicious*, 819 F.3d at 174. It is clear that bribery of a sitting judge does not fall within the duties of an attorney under the qualified immunity doctrine, which only protects a lawyer's actions in "zealously representing his clients within the bounds of the law." *Bradt*, 892 S.W.2d at 71. Walker's complaint should not be dismissed on this ground.

## II.    Walker has not stated a valid constitutional challenge to the State of Texas's use of extrinsic versus intrinsic fraud in considering whether a judgment should be set aside.

 In Texas, "showing the former judgment was obtained by fraud will justify a bill of review to set it aside." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984). Texas classifies such fraud as either intrinsic or extrinsic, and only extrinsic fraud entitles petitioners to obtain relief through a bill of review proceeding. *Id.* Extrinsic fraud is "fraud which denies a losing litigant the opportunity to fully litigate his rights or defenses upon trial." *Id.* Intrinsic fraud is "inherent in the matter considered and determined in the trial," and it includes fraudulent instruments, perjured testimony, and any matters actually presented to and considered by the trial court. *Id.*

Walker challenges Texas courts' use of the distinction between extrinsic and intrinsic fraud in deciding whether to set aside a judgment. ECF No. 7 at 3. He argues that he was harmed by Texas's use because intrinsic fraud occurred in the divorce case, but that he has no remedy because Texas does not allow intrinsic fraud to support relief from judgment. *Id.* Walker argues that Federal Rule of Civil Procedure 60(b), as well as the civil procedure rules of New Mexico, Oklahoma, Arkansas, and Louisiana, does not distinguish between fraud in this way. *Id.* It is true that Rule 60(b)(3) allows relief from fraud "whether previously called intrinsic or extrinsic." Leading

commentators have referred to the division between intrinsic or extrinsic fraud, which operated in federal law as well until its elimination by Rule 60(b)(3), as "a very troublesome and unsound distinction." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2861 (3d ed. 1998). There are, however, numerous differences between federal and state rules of civil procedure, and the existence of such a difference does not mean that a state rule is therefore unconstitutional. The Federal Rules of Civil Procedure are not the Constitution. Walker has not pointed to any case law or constitutional provision that would require this Court to find Texas's distinction between extrinsic and intrinsic fraud to be unconstitutional. Walker's challenge on this point should be dismissed.

**III.    The State Defendants' request for sanctions is denied.**

This Court has the ability to sanction litigants, both under its inherent power and Federal Rule of Civil Procedure 11. *Chambers v. NASCO, Inc*., 501 U.S. 32, 50 (1991). In their Motion to Dismiss, the State Defendants request that the Court sanction Walker under its inherent power for filing an "abusive, meritless suit" and order him to pay their attorneys' fees in the amount of $2,000. ECF No. 24 at 26–27, 40.

In support of their argument for sanctions, the State Defendants first cite *Doss v. Helpenstell* for the proposition that "[p]ro se appellants must brief their arguments, even if minimally, in order to preserve them." 699 Fed. App'x 337, 338 (5th Cir. 2017). *Doss* is neither a case in which the court awarded sanctions, nor is it applicable to the instant case, as Walker has extensively—if unsuccessfully—briefed his arguments. The State Defendants also quote *Metz v. Unizan Bank*, a non-binding case: "[A]ttorneys have a responsibility to halt litigation whenever they realize that they are pursuing a meritless suit." 655 F.3d 485, 489 (6th Cir. 2011) (quoting *BDT Products, Inc. v. Lexmark Intern., Inc*., 602 F.3d 742, 753 n.6 (6th Cir. 2010)). But Walker

is not an attorney. He is a *pro se* party who apparently never filed suit before in federal court. These facts weigh against imposing sanctions on Walker. *See McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 449 (N.D. Tex. 1997) (refusing to impose sanctions on a *pro se* party because he had filed only once in federal court and because a *pro se* party "should be sanctioned 'only after successive attempts to press a wholly frivolous claim'"). Therefore, the Court exercises its discretion not to award attorney's fees to the State Defendants. *Fed. Nat'l Mortg. Ass'n v. Ramirez*, No. 3:13-CV-4084-M, 2013 WL 6768002, at \*3 (N.D. Tex. Dec. 23, 2013). Walker is warned, however, that future litigation in federal court against these Defendants may result in the imposition of sanctions. *See McCampbell*, 982 F. Supp. at 449.

## IV.     As Walker has no viable avenue of recovery on his claims against the State Defendants, his complaint should be dismissed with prejudice.

While the court should dismiss a complaint without prejudice in most cases, a plaintiff must have some "viable avenue to recover" according to which the plaintiff could amend the complaint. *See Parker*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at \*1. Walker faces insurmountable barriers to his claims, particularly judicial immunity, Eleventh-Amendment immunity, and the *Rooker-Feldman* doctrine; and these barriers render his claims completely unviable. *See Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 642–48 (N.D. Tex. 2007) (Lynn, C.J.) (accepting magistrate judge's recommendations and dismissing with prejudice claims that were similarly defective because of judicial, official, and qualified immunity). Walker filed two lengthy, detailed complaints and has now responded extensively to three different dispositive motions in this case, yet he has raised no arguments or facts that suggest that he can overcome any of these barriers to recovery in his case. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (affirming dismissal with prejudice where plaintiff had pleaded his best case). Even if he amended his complaint again, such amendment would be futile because Walker has no viable avenue to

recover on his claims against the State Defendants in this Court. Because amendment would be futile, his complaint as to these Defendants should be dismissed with prejudice.

## V.    The action against Stephens should be dismissed without prejudice, in accordance with federal policy.

Federal policy is to allow plaintiffs to amend their complaints so that cases can be decided on the merits as often as possible. *Great Plains Tr. Co.*, 313 F.3d at 329. Courts should allow plaintiffs at least one chance to amend their complaints after a Rule 12 dismissal. *Id.* Walker could conceivably amend his complaint so that it states a claim against Stephens under which relief could be granted. Such an amendment should not include the State Defendants as parties, however, as the undersigned has recommended dismissal of the claims against the State Defendants with prejudice. The undersigned therefore recommends that Walker's complaint against Stephens be dismissed without prejudice.

### CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants the State of Texas, the 90th Judicial District Court Judge Stephen E. Bristow, and Special District Judge Jerry Ray's Motion to Dismiss (ECF No. 24), and **DISMISS** this action **with prejudice** as to these Defendants. The Court **DENIES** such Defendants' request for an award of their attorneys' fees as sanctions.

The undersigned further **RECOMMENDS** that Judge O'Connor **GRANT** Defendant Stephens's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) (ECF No. 27) and **DISMISS** this action **without prejudice** as to him. If Plaintiff files an amended complaint within the fourteen days allotted for objections to this recommendation, however, Defendant Stephens's Motion to Dismiss should be **DENIED** as moot, and the action should be allowed to proceed against him on the amended complaint. Plaintiff is permitted to file an amended complaint

on or before **March 21, 2018.**

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 7, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE