IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BYRON EARL WALKER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00168-O-BP |
| § | |
| KERWIN STEPHENS, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants Kerwin Stephens, Stephens & Myers, LLP, and Sheryl Lee Walker's Motion to Dismiss (ECF No. 51), with Brief (ECF No. 52) and Appendix (ECF No. 51-1) in support, filed on April 25, 2018; Plaintiff Byron Walker's Response and Motion to Rule on the Pleadings (ECF No. 54) with Brief and Appendix (ECF No. 55) in support, filed on May 2, 2018; and Defendants Kerwin Stephens, Stephens & Myers, LLP, and Sheryl Lee Walker's Reply (ECF No. 56) with Appendix (ECF No. 57) in support, filed May 16, 2018. United States District Judge Reed C. O'Connor referred this case to the undersigned for pretrial management by Order entered on December 18, 2017. ECF No. 2.

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants Kerwin Stephens, Stephens & Myers, LLP, and Sheryl Lee Walker's Motion to Dismiss (ECF No. 51), and **DISMISS** this action **with prejudice**. The undersigned further recommends that Judge O'Connor **DENY** Plaintiff Byron Walker's Motion to Rule on the Pleadings (ECF No. 54).

**FACTUAL BACKGROUND**

Plaintiff Byron Earl Walker ("Walker"), *pro se*, sues Defendants Kerwin Stephens

1

("Stephens"), Stephens & Myers, LLP, and Sheryl Lee Walker ("Ms. Walker") for violations of 42 U.S.C. § 1983, 18 U.S.C. § 1341, and 18 U.S.C. § 1343; unjust enrichment; and conspiracy to commit fraud. ECF No. 47 at 1.

The following alleged facts are taken from Walker's second amended complaint. This case originates in a contentious divorce proceeding between Walker and his former spouse, Ms. Walker, in the 90th Judicial District Court of Young and Stephens County, Texas ("the divorce case"). *Id.* at 2–3. Walker claims that the Defendants, using fraud and perjury in their actions in the divorce case, illegally deprived him of property in the judgment. *Id.* at 3. In particular, he alleges that the Defendants presented false testimony at the trial that cattle belonged to the marital estate, which caused Walker's award in the divorce to be substantially smaller because the allegedly non-existent cattle were included in that award. *Id.* Walker alleges that Judge Stephen Bristow ("Judge Bristow"), the judge presiding over the divorce case, ruled that Walker's oldest son, Cord Walker, could not testify at the hearing to enter judgment about the cattle. *Id.* Walker alleges that this ruling was erroneous, but that Judge Bristow entered it in Stephens's favor so that Stephens could be paid. *Id.* at 3–4. Walker was *pro se* at this hearing. *Id.* Walker alleges that this error was fraud upon the court perpetrated by Stephens and Ms. Walker. *Id.* at 4.

Walker alleges that Stephens conspired with one or more state officials acting under color of state law to deprive Walker of his civil rights. *Id.* at 7. At the beginning of the divorce case, Judge Stephen Crawford ("Judge Crawford") was the presiding judge. *Id.* Walker alleges that Stephens, Ms. Walker's attorney, hired an attorney named Michelle Delotto to blackmail or coerce Judge Crawford to resign because of an alleged extramarital affair. *Id.* Walker claims that Ms. Delotto gave this information in a statement to the FBI in 2013. *Id.* Walker alleges that this scheme allowed Stephens to control the court because Stephens somehow selected Judge Crawford's

2

replacement, Judge Bristow, and caused Judge Bristow to be seated on the bench. *Id.* at 7–9. Walker alleges that Judge Bristow ruled or took actions in Stephens's favor and against Walker in the divorce case, because Judge Bristow owed Stephens for obtaining his position as judge. *Id.* at 9.

Walker further alleges that Stephens knew that the marital estate owned no cattle because Stephens had seen tax returns that were part of the evidence in the divorce case. *Id.* at 10. Walker claims that Stephens therefore knew that Ms. Walker committed perjury in her testimony regarding the cattle. *Id.* Walker also alleges that Stephens knew that Ms. Walker perjured herself regarding Walker's physical abuse of her. *Id.* Walker claims that Ms. Walker knowingly committed perjury because she had knowledge of accounting, was involved in Walker's business entities, and knew that the cattle had been sold prior to the relevant time in the divorce proceeding. *Id.* at 15–18.

Walker argues that the statute of limitations does not apply to his claims because the Defendants are engaged in ongoing fraud. *Id.* at 10. Walker claims that a mediated settlement agreement ("MSA") signed by Walker and Ms. Walker in 2017 before Judge Jerry Ray ("Judge Ray") changed the divorce decree and allowed Stephens to collect his legal fees. *Id.* at 10–11. Walker claims that he signed the MSA under duress. *Id.* at 20. Walker also alleges that Stephens defended Ms. Walker in a Bill of Review proceeding in the summer of 2016 and forced the sale of 220 acres of land in a 2017 proceeding before Judge Ray. *Id.* at 10–11. Walker claims that Judge Ray threatened Walker with imprisonment if he did not release a notice of *lis pendens* that Walker filed concerning the land. *Id.* According to Walker, this leads to an inference that Judge Ray and Stephens had *ex parte* communications about the *lis pendens* issue. *Id.* at 11. Walker argues that this shows that there was fraudulent concealment on the part of Stephens in the 2017 sale of land. *Id.* Walker also alleges that Stephens was unjustly enriched by the sale of the land. *Id.* at 15. Walker

additionally accuses Stephens of violating mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, in an unspecified manner.

Walker alleges a number of other problems that arose throughout the divorce case. His lawyer did not show up at the hearing to enter the divorce judgment, leaving Walker without representation. *Id.* at 13–14. In November 2013, Walker filed a *pro se* motion to recuse Judge Bristow. *Id.* at 14. Judge Monte Lawlis heard the motion to recuse, and Judge Bristow recused himself an hour after the hearing. *Id.*

## PROCEDURAL BACKGROUND

Walker filed his original complaint in this Court on December 18, 2017. ECF No. 1. He amended his complaint on January 3, 2018. ECF No. 7. In his first amended complaint, Walker sued the State of Texas; the 90th Judicial District Court; Young County, Texas; Judge Bristow; Judge Ray; and Stephens for violations of the United States Constitution and the Texas Constitution. *Id.* On January 16, 2018, Walker voluntarily dismissed Young County, Texas, from the case. ECF No. 22.

On March 7, 2018, the undersigned entered a Findings, Conclusions, and Recommendation that the State of Texas; the 90th Judicial District Court; Young County, Texas; Judge Bristow; and Judge Ray be dismissed from the case with prejudice on grounds of immunity. ECF No. 32. The undersigned further recommended that the complaint against Stephens be dismissed without prejudice pursuant to the statute of limitations, unless Walker filed an amended complaint. *Id.* On March 22, 2018, Judge O'Connor accepted the Findings, Conclusions, and Recommendation, dismissing all Defendants but Stephens. ECF No. 41. On April 6, 2018, Walker filed a second amended complaint, titled "Second Amended Petition," with leave of the Court. ECF No. 47. In this complaint he reasserted claims against Stephens and added as Defendants the law firm of

Stephens & Myers, LLP, and Ms. Walker. *Id.*

On April 25, 2018, Stephens, Stephens & Myers, LLP, and Ms. Walker filed a Motion to Dismiss (ECF No. 51), with Brief (ECF No. 52) and Appendix (ECF No. 51-1) in support. On May 2, 2018, Walker filed a Response and Motion to Rule on the Pleadings (ECF No. 54) with Brief and Appendix (ECF No. 55) in support. On May 16, 2018, Defendants Kerwin Stephens, Stephens & Myers, LLP, and Sheryl Lee Walker's Reply (ECF No. 56) with Appendix (ECF No. 57) in support.

On May 18, 2018, Walker filed a Sur-reply (ECF No. 58) without first seeking leave of court to do so. Local Rule 56.7 of the Northern District of Texas requires leave of court before the filing of a sur-reply. Because Walker did not seek leave to file his surreply, the undersigned will not consider it. *Neely v. Khurana*, No. 3:07CV1344D, 2009 WL 1605649, at *3 (N.D. Tex. June 5, 2009). Even if the undersigned were to consider the sur-reply, however, this Recommendation would remain the same.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility

5

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co.*, 313 F.3d at 329; *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on

6

a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## ANALYSIS

In their Motion to Dismiss, Defendants request that Walker's second amended complaint be dismissed on grounds of the statute of limitations, res judicata, and failure to plead fraud with specificity pursuant to Federal Rule of Civil Procedure 9(b). These arguments are well-taken, and Walker's attempts to avoid the statute of limitations by asserting that he is of unsound mind and Stephens engaged in fraudulent concealment are unpersuasive. The undersigned additionally finds that Walker's pleadings are deficient because they assert no claims against Defendant Stephens & Myers, LLP, and because Walker attempts to enforce criminal statutes in a civil action. Finally, Walker's Motion for judgment on the pleadings should be denied.

**I.    Walker's complaint against Stephens & Myers, LLP, should be dismissed because Walker alleged no facts or claims against that Defendant.**

In the header of his second amended complaint, Walker includes as a Defendant "The Law Firm of Stephens and Myers." This is the only mention of this Defendant in the entirety of his complaint, and no facts or claims are specifically tied to this Defendant. "A plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." *Arnaud v. Odom*, 870

7

F.2d 304, 307 (5th Cir. 1989); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Walker has not even pleaded conclusory allegations against Stephens & Myers, LLP, and as such his complaint against this Defendant should be dismissed.

II.     **Walker's § 1983 claim against the Defendants should be dismissed, because Walker has not alleged any deprivations of rights by the Defendants under color of state law within the limitations period.**

Title 42 U.S.C. § 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Walker's § 1983 claim, in its essence, is that Walker was not given constitutional due process in the divorce case because Stephens bribed Judge Bristow in order to obtain favorable rulings. ECF No. 47 at 3–9. Stephens is a private person, and generally such persons are not liable under § 1983 due to lack of state action. *See Weingarten Realty Inv'rs v. Albertson's, Inc*., 66 F. Supp. 2d 825, 852 (S.D. Tex. 1999), *aff'd*, 234 F.3d 28 (5th Cir. 2000). However, if a private defendant acts jointly with public officials to violate the plaintiff's rights, then that person can be liable under § 1983 for acting under color of state law. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Brummett v. Camble*, 946 F.2d 1178, 1185 (5th Cir. 1991). Because Walker alleges that Stephens bribed Judge Bristow to obtain favorable rulings in the divorce case, Walker has stated an exception to the general rule.

There is no specific statute of limitations for § 1983 claims, and as a result the Supreme Court has instructed courts to look to the most analogous state statute of limitations. *Owens v. Okure*, 488 U.S. 235, 239–40 (1989). In Texas, this is the statutory two-year personal-injury limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *see also* Tex. Civ. Prac. & Rem. Code § 16.003.

8

The limitations period begins to run when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

The undersigned previously recommended dismissal of Walker's § 1983 claims as barred by the statute of limitations, and Walker has not cured the deficiency. Walker first added Stephens as a defendant on January 5, 2018, when he filed his Amended Complaint (ECF No. 7), and therefore some act or omission of Stephens giving rise to liability under § 1983 had to have occurred on or after January 5, 2016, for there to be liability on the part of Stephens. Stephens as a private person can only be liable under § 1983 if he acted jointly with public officials to violate Walker's rights under color of state law. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Judge Bristow, the judge that Stephens allegedly bribed, recused himself in November 2013, and the divorce case also ended that year. ECF No. 47 at 14. Therefore, any deprivations of Walker's due process or fair trial rights for which Stephens could be liable under § 1983 also ended in 2013, well outside of the two-year limitations period. Walker's only alleged facts within the limitations period concern the signing of the MSA in 2017, a Bill of Review proceeding in 2016, and an allegedly forced sale of land in 2017. *Id.* at 10–11. But these events involved legal proceedings before a judge other than Judge Bristow. *Id.*

Walker has therefore alleged no facts concerning events after 2013 that show any deprivations of his rights from Stephens' alleged bribery of Judge Bristow. Walker's claims against Stephens must be dismissed as he has only stated facts concerning violations of § 1983 that occurred before January 5, 2016, and his claims are therefore outside of the two-year statute of limitations.

Walker has not sufficiently alleged any deprivations of rights under § 1983 against the

9

other two remaining defendants. As previously stated, Walker alleged no facts at all against Stephens and Myers, LLP. *See supra* Part I. Against Ms. Walker, Walker only alleged facts that may suggest perjury on her part. ECF No. 47 at 15–19. Even were the undersigned to assume that Ms. Walker committed perjury, that would not state a claim for deprivation of Walker's civil rights under § 1983. "A witness is entitled to absolute immunity from section 1983 damage claims, even if it is alleged that the witness committed perjury." *Duran v. Duran*, No. 4:05 CV 174, 2005 WL 2284202, at *1 (E.D. Tex. Aug. 31, 2005) (citing *Graves v. Hampton*, 1 F.3d 315 (5th Cir. 1993)); *see also Charles v. Wade*, 665 F.2d 661, 666–67 (5th Cir. 1982) (holding that witnesses are immune from civil liability for perjury because the threat of criminal prosecution is deterrent enough). Nor does Walker allege any facts that show that Ms. Walker was acting "under color of state law" as § 1983 requires. *Duran*, No. 4:05 CV 174, 2005 WL 2284202, at *1. Walker's claims for violations of § 1983 against Stephens and Myers, LLP, and Sheryl Walker should also be dismissed.

**III.     Walker does not avoid the statute of limitations by asserting that he is of unsound mind.**

In Texas, a person is "under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind." Tex. Civ. Prac. & Rem. Code § 16.001. Persons of "unsound mind" are "persons *non compos mentis*, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs." *Hargraves v. Armco Foods, Inc*., 894 S.W.2d 546, 547 (Tex. App.—Austin 1995, no writ). Centrally, the purpose of Section 16.001 is to suspend the running of the statute of limitations for persons who have no access to the courts, because persons under a legal disability are unable to understand their legal rights or liabilities. *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987). "As a matter of state law a person claiming to have been under

a legal disability must establish that he was under a disability at the time his cause of action accrued." *Nelson v. Reddy*, 898 F. Supp. 409, 410 (N.D. Tex. 1995).

Walker argues in his Response that his post-traumatic stress disorder ("PTSD") renders him of unsound mind, and therefore the statute of limitations should be tolled during an unspecified period. ECF No. 54 at 2. He alleges that he has been diagnosed with PTSD and severe chronic depression originating in trauma from thirty years ago. *Id.* In support he attaches an unsigned psychological assessment dated July 26, 2017, that supports these diagnoses. ECF No. 55 at 9–12. Walker's evidence does not show that he is so mentally incompetent that he cannot care for himself or manage his affairs—in fact, the assessment reveals little anxiety or frustration during testing, cognitive functioning in the average range, and other mental characteristics that contradict a legal disability. *Id.* The assessment also states that Walker runs a business with twenty employees, further supporting the conclusion that he is not under a legal disability. *Id.* at 12.

Though Walker is not explicit regarding the alleged period of disability, his argument appears to be that he is currently of unsound mind and he has been for thirty years. *See* ECF No. 54 at 2, 5. That would mean that not only was he legally disabled during the divorce case, but that he is currently legally disabled. Indeed, the psychological assessment he submitted occurred less than six months before he filed the instant suit. ECF No. 55 at 9. The purpose of tolling limitations for persons under a legal disability is that they are unable to understand their legal rights or liabilities during the limitations period. *Helton*, 832 F.2d at 336. Walker is proceeding *pro se* in this action, and he proceeded *pro se* in many of the proceedings related to the divorce case, including the motion for recusal against Judge Bristow. ECF No. 47 at 14. Were the Court to conclude that Walker is under a legal disability, the Court would also be under an obligation to find that Walker could no longer proceed *pro se* in this action. However, Walker has shown

through active assertion of his legal rights in this case and in his prior cases and proceedings that he is not under a legal disability. Therefore the statute of limitations should not be tolled on this ground.

IV. **Walker has not alleged facts that Stevens fraudulently concealed the alleged harmful acts, and as such the statute of limitations cannot be tolled on this basis.**

"Fraudulent concealment tolls limitations until the claimant, using reasonable diligence, discovered or should have discovered the injury." *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 307 (5th Cir. 2014) (quoting *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 676 (5th Cir. 2013)) (quotation marks omitted). The Fifth Circuit "applies a four-prong test for fraudulent concealment under Texas law, under which the plaintiff must demonstrate: '(1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception.'" *Id.* (quoting *Priester*, 708 F.3d at 676). "'The estoppel effect of fraudulent concealment ends,' however, 'when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action.'" *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983)).

Walker argues that fraudulent concealment tolls the statute of limitations in two ways. First, he argues that the sale of the land in 2017 reveals fraudulent concealment. ECF No. 47 at 11. His argument appears to be that the sale of land was a result of the violation of his civil rights from the alleged bribery of Judge Bristow in 2013, and that the statute of limitations should be tolled from that period. *Id.* at 10–11. However, as Walker himself states, the sale of the land came long after the divorce case ended, was under the MSA rather than the divorce case judgment, and occurred in a legal proceeding before a different judge from the one who allegedly conspired with Stephens

to violate Walker's rights. *Id.* The purpose of tolling for fraudulent concealment is to allow claims that were hidden from the plaintiff during the limitations period, but the sale of the land did not happen during the limitations period at all, nor was it hidden from Walker. Thus it cannot toll Walker's claims under § 1983.

Second, Walker asserts that the Defendants fraudulently concealed the non-existence of the cattle and his abuse of his ex-wife from the judges in the state court proceedings. ECF No. 54 at 6. However, Walker nowhere asserts that the Defendants fraudulently concealed anything from him, in any way that stopped him from pursuing the instant lawsuit. *Id.* According to the facts stated in his complaint, Walker challenged the Defendants at the state-court proceedings on these alleged untruths and participated in an FBI investigation into Stephens's alleged bribery in 2013. ECF No. 47 at 7. Because the Defendants did not conceal anything from Walker, there was no estoppel effect of any fraudulent concealment, and the statute of limitations should not be tolled on this ground. *King-White*, 803 F.3d at 764.

**V.     Walker's claims of violations under 18 U.S.C. §§ 1341 and 1343 should be dismissed because Walker cannot enforce criminal statutes through a civil action.**

Title 18 of the United States Code is entitled "Crimes and Criminal Procedure." Section 1341 of that title, which makes it a criminal act to commit fraud, and § 1343, which makes it a criminal act to commit wire fraud, are criminal statutes. Walker is a private citizen of the United States and cannot enforce criminal statutes in a civil action. *Mass v. McDonald's Corp.*, No. 3:04-CV-0483-M, 2004 WL 2624255, at *5 (N.D. Tex. Nov. 12, 2004). The power to initiate a federal criminal prosecution is vested exclusively in the executive branch. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)). The undersigned previously recommended dismissal of Walker's claim for criminal conspiracy under 18 U.S.C. § 241, and Judge O'Connor adopted the recommendation. ECF No. 32 at 9; No. 41.

Walker's claims for violations of 18 U.S.C. §§ 1341 and 1343 likewise cannot proceed in this civil action and should be dismissed.

## VI. Walker has not alleged facts that state a claim for unjust enrichment.

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Altholz v. Citimortgage, Inc.*, No. 3:12-CV-02774-P, 2012 WL 12886979, at *9 (N.D. Tex. Dec. 13, 2012) (citing *Sw. Bell Tel. Co. v. Marketing On Hold, Inc.*, 308 S.W.3d 909, 921 (Tex. 2010)). Some Texas authorities hold that plaintiffs cannot state a claim for unjust enrichment as an independent cause of action under Texas law, while others suggest otherwise. *Janvey v. Alguire*, 846 F. Supp. 2d 662, 674 (N.D. Tex. 2011); *see also Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 739 (N.D. Tex. 2008) ("[I]t is unclear under Texas law whether unjust enrichment is an independent cause of action . . . .").

Walker does not cite any case law on unjust enrichment to clarify his position, nor does the term appear in his second amended complaint after the initial listing of his claims. ECF No. 47. In his response, he asserts that his complaint alleged facts stating unjust enrichment regarding whether he received less money under the MSA than he would have received under the original divorce degree. ECF No. 54 at 3 (citing ECF No. 47 at 11, 20). He conclusorily asserts that the MSA was signed under duress and that fraud was involved, though he does not state any facts in his second amended complaint as to how the Defendants defrauded him or placed him under duress. ECF No. 47 at 20.

Assuming without deciding that unjust enrichment provides an independent cause of action under Texas law, the undersigned concludes that Walker has not stated a claim for unjust enrichment. His apparent argument is that the MSA should not have replaced the divorce decree,

and the Defendants unjustly enriched themselves by procuring the more favorable MSA through fraud or duress. The MSA states explicitly that "[e]ach signatory to this settlement . ECF No. 51-1 at 67–72. Walker has not pleaded any facts tending to show the elements of duress, fraud, or taking of an undue advantage by the Defendants. ECF No. 47 at 14–15. Walker has not stated a claim for unjust enrichment.

**VII.     Res judicata does not bar Walker from asserting that Defendants unjustly enriched themselves by procuring the MSA under duress, as his claim for unjust enrichment could not have been raised in the divorce case.**

Title 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982). "In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment." *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). Under Texas law, which applies in this case, claim preclusion (also called res judicata) "bars assertion of a claim in a subsequent case when: (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action." *Id.* (citing *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008)).

Res judicata cannot preclude Walker's federal claims because they are not based on the same claims as were raised in the first, state action, nor could they have been raised in that action. *Weaver*, 660 F.3d at 906. Defendants argue that res judicata bars Walker from his unjust enrichment claim that the MSA was procured under duress. ECF No. 52 at 3–4. A motion to set aside an MSA for duress can be made to a state court in a divorce action. *Bass v. Bass*, No. 05-16-

00344-CV, 2017 WL 2443128, at *1 (Tex. App.—Dallas June 5, 2017, no pet.). However, Walker is not requesting that the MSA be set aside for duress; he is making a claim for unjust enrichment based on duress in the executing of the MSA. It is not clear how such a claim could have been brought in the divorce case (or at all, considering such a claim would permit unjust enrichment to derive from a judgment of the justice system). Res judicata in the divorce context only applies to tort actions that should be joined to a divorce proceeding because the facts supporting the tort action are the same as those supporting the petition for divorce—for example, a personal injury claim based on spousal abuse. *Brinkman v. Brinkman*, 966 S.W.2d 780, 783 (Tex. App.—San Antonio 1998, pet. denied) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 625 n.17 (Tex. 1993)). Therefore res judicata does not apply to Walker's unjust enrichment claim.

**VIII.   Walker has not satisfied the requirements of Rule 9(b) for pleading fraud.**

Federal Rule of Civil Procedure Rule 9(b) requires a heightened pleading standard: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

> The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury.

*Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). A plaintiff must satisfy the pleading requirements of Rule 9(b) as to all elements of fraud. *Id.*

Walker's allegations of fraud are that the Defendants submitted false evidence and put on false testimony at trial and other court proceedings regarding cattle in the marital estate. ECF No. 54 at 3. This does not fit the first element of fraud: that the Defendants made the representation to Walker. Walker's second amended complaint accuses the Defendants of making the allegedly false representations in open court to gain a favorable judgment, not making the statements to Walker in an attempt to mislead him. *Id.* As already stated, Ms. Walker has absolute immunity from civil suit for allegedly perjurious testimony. *See supra* Part II; *Hancock v. Norris*, Civ. A. No. H-07-3316, 2008 WL 167053, at *3 (S.D. Tex. Jan. 15, 2008) (dismissing plaintiff's claims against witnesses for perjury because such claims sought relief against defendants immune from such relief). Nor does Walker present any case law for the unique proposition that a person can be defrauded through the judgments and orders of a court of law.

In similar fashion, with regard to the sixth element that the plaintiff must rely on the misrepresentation, Walker nowhere alleges that he relied on the misrepresentation. In fact, he states repeatedly that he knew that the Defendants' testimony and evidence were false. ECF No. 47 at 2–6, No. 54 at 2–3. Instead, his fraud claim is at most that the Defendants misled court officials. *Id*. Such a claim is entirely distinct from a claim that they defrauded Walker. Walker does not state with particularity the circumstances constituting fraud, as required by Rule 9(b), and therefore his fraud claims should be dismissed.

**IX.     As Walker has pleaded his best case and has no viable avenue of recovery on his claims, his complaint should be dismissed with prejudice.**

While the court should dismiss a complaint without prejudice in most cases, a plaintiff must have some viable avenue to recover according to which the plaintiff could amend the complaint. *See Parker v. Allstate Ins. Co*., Civ. A. No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet

their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)). Walker has now amended his complaint twice and responded to three motions to dismiss, but he has not cured the defects in his pleading. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (affirming dismissal with prejudice where plaintiff had pleaded his best case). In particular, he has now twice shown that his federal claims are subject to dismissal, either under the statute of limitations or because he attempts to enforce criminal statutes in a civil action. Because further amendment would be futile, Walker's complaint should be dismissed with prejudice.

### X. Walker's Motion for Judgment on the Pleadings should be denied, as the pleadings are not yet closed.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2018) (footnotes omitted). Before the pleadings are closed, a court should deny a motion for judgment on the pleadings. *See Am. Const. Benefits Group, LLC v. Zurich Am. Ins. Co.*, No. 3:12-CV-2726-D, 2013 WL 1797942, at *1 n.3 (N.D. Tex. Apr. 29, 2013) (declining to reach a 12(c) motion where the defendant had not yet filed an answer).

Walker moves for judgment on the pleadings, arguing that under Federal Rule of Civil Procedure 8(b)(6), the Defendants have failed to deny his allegations in their Motion to Dismiss. ECF No. 54 at 4–6. Rule 8(b) concerns a defendant's answer, which the Defendants have not yet filed, rather than a motion to dismiss. *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1261 (3d ed. 2018) (explaining Rule 8(b)). The Defendants are not

18

required to file an answer responding to Walker's complaint until fourteen days after notice of the district court's action on this Motion to Dismiss. Fed. R. Civ. P. 12(a)(4)(A). Because the Defendants have not filed an answer and the pleadings are not yet closed, the undersigned recommends that Walker's Motion for Judgment on the Pleadings be denied.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants Kerwin Stephens, Stephens & Myers, LLP, and Sheryl Lee Walker's Motion to Dismiss (ECF No. 51), and **DISMISS** this action **with prejudice**. The undersigned further recommends that Judge O'Connor **DENY** Plaintiff Byron Walker's Motion to Rule on the Pleadings (ECF No. 54).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 21, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE