IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BYRON WALKER, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 7:17-cv-00168-O-BP |
| KERWIN STEPHENS, et al. | § § § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation (the "FCR") in this case. *See* June 21, 2018 FCR, ECF No. 60. Plaintiff Byron Walker filed timely objections (ECF No. 61) on July 3, 2018.

The Court conducts a *de novo* review of those portions of the FCR to which a party objects. Anything the Plaintiff did not specifically object to is subject to plain error review. For the following reasons, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the FCR (ECF No. 60) as the findings and conclusions of the Court. Accordingly, the Court **DISMISSES** this action **with prejudice** and **DENIES** Plaintiff Byron Walker's Motion to Rule on the Pleadings (ECF No. 54).

**I.     BACKGROUND**

The following alleged facts are taken from the Magistrate Judge's FCR (ECF No. 60) unless otherwise noted.[1] Plaintiff Byron Earl Walker ("Walker"), *pro se*, sued Defendants Kerwin Stephens ("Stephens"), Stephens & Myers, LLP, and Sheryl Lee Walker ("Ms. Walker") for

---

[1] The Magistrate Judge adopted the facts from Walker's second amended complaint. Defendants do not object to any facts.

violations of 42 U.S.C. § 1983, 18 U.S.C. § 1341, and 18 U.S.C. § 1343; unjust enrichment; and conspiracy to commit fraud. Second Am. Compl. 1, ECF No. 47.

This case originates in a contentious divorce proceeding between Walker and his former spouse, Ms. Walker, in the 90th Judicial District Court of Young and Stephens County, Texas ("the divorce case"). *Id.* at 2–3. Walker claims the Defendants, using fraud and perjury in their actions in the divorce case, illegally deprived him of property in the judgment. *Id.* at 3. In particular, he alleges the Defendants presented false testimony at the trial that cattle belonged to the marital estate, which caused Walker's award in the divorce to be substantially smaller because the allegedly non-existent cattle were included in that award. *Id.* Walker alleges Judge Stephen Bristow ("Judge Bristow"), the judge presiding over the divorce case, ruled that Walker's oldest son, Cord Walker, could not testify at the hearing to enter judgment about the cattle. *Id.* Walker alleges the ruling was erroneous and that Judge Bristow entered it in Stephens's favor so that Stephens could be paid. *Id.* at 3–4. Walker appeared *pro se* at this hearing. *Id.* Walker alleges the erroneous ruling was fraud upon the court perpetrated by Stephens and Ms. Walker. *Id.* at 4.

Walker alleges that Stephens conspired with one or more state officials acting under color of state law to deprive Walker of his civil rights. *Id.* at 7. At the beginning of the divorce case, Judge Stephen Crawford ("Judge Crawford") was the presiding judge. *Id.* Walker alleges that Stephens, Ms. Walker's attorney, hired an attorney named Michelle Delotto to blackmail or coerce Judge Crawford to resign because of an alleged extramarital affair. *Id.* Walker claims Ms. Delotto gave this information in a statement to the FBI in 2013. *Id.* Walker alleges this scheme allowed Stephens to control the court because Stephens somehow selected Judge Crawford's replacement, Judge Bristow. *Id.* at 7–9. Walker alleges Judge Bristow ruled or took actions in Stephens's favor and against Walker in the divorce case, because Judge Bristow owed Stephens for obtaining his

position as judge. *Id.* at 9.

Walker further alleges Stephens knew the marital estate owned no cattle because Stephens had seen tax returns that were part of the evidence in the divorce case. *Id.* at 10. Walker claims Stephens therefore knew Ms. Walker committed perjury in her testimony regarding the cattle. *Id.* Walker also alleges Stephens knew Ms. Walker perjured herself regarding Walker's physical abuse of her. *Id.* Walker claims that Ms. Walker knowingly committed perjury because she had knowledge of accounting, was involved in Walker's business entities, and knew the cattle had been sold prior to the relevant time in the divorce proceeding. *Id.* at 15–18.

Walker argues that the statute of limitations does not apply to his claims because the Defendants are engaged in ongoing fraud. *Id.* at 10. Walker claims a mediated settlement agreement ("MSA") signed by Walker and Ms. Walker in 2017 before Judge Jerry Ray ("Judge Ray") changed the divorce decree and allowed Stephens to collect his legal fees. *Id.* at 10–11. Walker claims he signed the MSA under duress. *Id.* at 20. Walker also alleges that Stephens defended Ms. Walker in a Bill of Review proceeding in the summer of 2016 and forced the sale of 220 acres of land in a 2017 proceeding before Judge Ray. *Id.* at 10–11. Walker claims Judge Ray threatened Walker with imprisonment if he did not release a notice of *lis pendens* that Walker filed concerning the land. *Id.* According to Walker, this leads to an inference that Judge Ray and Stephens had *ex parte* communications about the *lis pendens* issue. *Id.* at 11. Walker argues this shows there was fraudulent concealment on the part of Stephens in the 2017 sale of land. *Id.* Walker also alleges Stephens was unjustly enriched by the sale of the land. *Id.* at 15. Walker additionally accuses Stephens of violating mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, in an unspecified manner.

Walker alleges a number of other problems that arose throughout the divorce case. For

3

example, his lawyer did not show up at the hearing to enter the divorce judgment, leaving Walker without representation. *Id.* at 13–14. In November 2013, Walker filed a *pro se* motion to recuse Judge Bristow. *Id.* at 14. Judge Monte Lawlis heard the motion to recuse, and Judge Bristow recused himself an hour after the hearing. *Id.*

Walker filed his original complaint on December 18, 2017. *See* Compl., ECF No. 1. He amended his complaint on January 3, 2018. *See* Am. Compl., ECF No. 7. In his first amended complaint, Walker sued the State of Texas; the 90th Judicial District Court; Young County, Texas; Judge Bristow; Judge Ray; and Stephens for violations of the United States Constitution and the Texas Constitution. *Id.* On January 16, 2018, Walker voluntarily dismissed Young County, Texas. *See* ECF No. 22.

On March 7, 2018, the Magistrate Judge entered a Findings, Conclusions, and Recommendation that the State of Texas; the 90th Judicial District Court; Young County, Texas; Judge Bristow; and Judge Ray be dismissed from the case with prejudice on grounds of immunity. *See* Findings, ECF No. 32. The Magistrate Judge further recommended that the complaint against Stephens be dismissed without prejudice pursuant to the statute of limitations, unless Walker filed an amended complaint. *Id.* On March 22, 2018, this Court accepted the Findings, Conclusions, and Recommendation, dismissing all Defendants but Stephens. *See* Order, ECF No. 41. On April 6, 2018, Walker filed a second amended complaint, titled "Second Amended Petition," with leave of the Court. Second Am. Compl., ECF No. 47. In that amended complaint he reasserted claims against Stephens and added as Defendants the law firm of Stephens & Myers, LLP, and Ms. Walker. *Id.* On April 25, 2018, Stephens, Stephens & Myers, LLP, and Ms. Walker filed a Motion to Dismiss (ECF No. 51).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court

assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co.*, 313 F.3d at 329; *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should

be granted leave to amend their complaint and make their best case." (citation omitted)).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III.   ANALYSIS

As noted above, the Court conducts a *de novo* review of those portions of the FCR to which a party objects. But any finding not specifically objected to is reviewed for plain error. Plaintiff primarily argues that the Magistrate Judge's ruling did not allow him to make his best case because he was not allowed discovery. Pl.'s Obj. 7–12, ECF No. 61. The Court overrules that generalized objection because the Magistrate Judge properly analyzed Plaintiff's claims under the Rule 12(b)(6) standard—accepting Plaintiff's well pleaded facts as true and viewing those facts in the light most favorable to the Plaintiff. See *Sonnier*, 509 F.3d at 675. Under that standard, it is unnecessary for Plaintiff to engage in discovery to make his best case against a motion to dismiss.[2]

Plaintiff also provides a number of more specific objections[3], arguing that (1) his legal disability should toll any statutes of limitations; (2) he stated proper section 1983 and fraudulent concealment claims; and (3) he adequately pleaded fraud. The Court reviews each in turn.

---

[2] The Court also overrules Plaintiff's factual objections. Plaintiff pleaded the relevant facts and the Magistrate Judge correctly construed those facts in the light most favorable to Plaintiff. Further, Plaintiff's only specific *factual* objection—that it is untrue he runs a company with 20 employees—was not material to the Magistrate Judge's findings. Pl.'s Obj. 8, ECF No. 61. Rather, that fact supplemented and "further support[ed]" the Magistrate Judge's conclusion. *See* Findings 11, ECF No. 60.

[3] Plaintiff's Objections regarding Duress and Unjust Enrichment are not properly before the Court. Pl.'s Obj. 9–10, ECF No. 61 The Magistrate Judge correctly refrained from ruling on these claims because Plaintiff did not plead them in his second amended petition. Plaintiff admits that he "made an honest mistake

### A. Legal Disability Defense

Plaintiff objects to the Magistrate Judge's finding that Plaintiff is under no legal disability and therefore cannot toll statutes of limitation on that ground. Plaintiff primarily argues that discovery would prove he is of unsound mind but also objects altogether to the Magistrate Judge's analysis on pages 10–12 of the FCR. Pl.'s Obj. 6, ECF No. 61.

Under Texas law a person is "under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind." TEX. CIV. PRAC. & REM. CODE § 16.001. To be of "unsound mind" persons must be "persons *non compos mentis*, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs." *Hargraves v. Armco Foods, Inc.*, 894 S.W.2d 546, 547 (Tex. App.—Austin 1995, no writ). The Magistrate Judge correctly stated that "the purpose of Section 16.001 is to suspend the running of the statute of limitations for persons who have no access to the courts, because persons under a legal disability are unable to understand their legal rights or liabilities." Findings 10, ECF No. 60 (citing *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987)).

Here, Plaintiff is not of unsound mind for purposes of section 16.001. Plaintiff is clearly competent to care for himself. Notably, Plaintiff does not actually argue he is incompetent. Rather he argues that he is depressed, suffers from post-traumatic stress disorder, and attends counseling sessions. While those conditions are serious—and can certainly impact a person's well-being—Plaintiff does not explain how they render him *legally incompetent*. The Court agrees with the

---

in not making the same argument for unjust enrichment in his Second Amended Petition" and "Plaintiff again made an honest mistake in not pleading the facts of the forced signing of the MSA in his Second Amended Petition." *Id*. at 10. Similarly, Plaintiff improperly requests the Court's permission to take depositions. *Id*. at 14. That request is not an objection.

Magistrate Judge. Plaintiff, who is representing himself in this case, certainly seems able to understand his legal rights and liabilities.[4] Accordingly, the Court overrules Plaintiff's objections.

B.  **Section 1983 and Fraudulent Concealment Limitations**

Plaintiff objects to the Magistrate Judge's ruling that Plaintiff did not file his section 1983 claim within the statute of limitations period and did not cure that deficiency with his second amended complaint. Pl.'s Obj. 13, ECF No. 61. Plaintiff also incorporates his section 1983 limitations objection to object to the Magistrate Judge's ruling on the fraudulent concealment claim. *Id*. at 9. The Court previously adopted the Magistrate Judge's recommendation to dismiss Plaintiff's section 1983 claim as barred by the statute of limitations. *See* Order, ECF No. 41; *see also* Findings, ECF No. 32. Plaintiff's objections do not explain—or attempt to explain—how his *second amended complaint* cured the original deficiency. Likewise, Plaintiff's section 1983 arguments do not support an objection to the Magistrate Judge's findings on fraudulent concealment—no matter if Plaintiff seeks to incorporate them to object on that claim. Having reviewed this portion of the FCR *de novo*, the Court agrees that Plaintiff has not cured the original deficiency. Accordingly, the Court overrules Plaintiff's objections.

C.  **Rule 9(b) Fraud**

Plaintiff argues "[o]n [p]age 17, the Magistrate states that Defendant Ms. Walker did not make the statement to me. That is simply not true." Pl.'s Obj. 12, ECF No. 61. On page 17, the Magistrate Judge found that Plaintiff had not plead facts adequate to satisfy the heightened Federal Rule of Civil Procedure 9(b) pleading standard for fraud. *See* Findings 17, ECF No. 60. The Magistrate Judge correctly stated the pleading standard. *See Benchmark Electronics, Inc. v. J.M.*

---

[4] Plaintiff argues that he has been suffering from his current condition for thirty years. If he is competent now—after what his objections indicate have been the worst five years of his condition—it follows that he has been competent for thirty years, absent some other assertion by Plaintiff. Pl.'s Obj. 3–6, ECF No. 61.

9

*Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). And Plaintiff's factual objection—even if true—cannot correct the legally deficient pleadings on the face of his second amended complaint. Accordingly, the Court overrules Plaintiff's objection.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's objections (ECF No. 61) should be and are hereby **OVERRULED**. The District Judge reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding none, the undersigned District Judge is of the opinion that the remaining Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. Accordingly, the FCR (ECF No. 60) is **ADOPTED**, Plaintiff's Motion to Rule on the Pleadings (ECF No. 54) is **DENIED**, Defendant's Motion to Dismiss (ECF No. 51) is **GRANTED**, and this action is hereby **DISMISSED with prejudice**.

**SO ORDERED** on this **25th day** of **March, 2019**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**